IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-CV-107-D

VICTORIA FELICIA WINSTON,      )
                               )
            Plaintiff,         )
                               )
      v.                       )          **ORDER**
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security,)
                               )
            Defendant.         )

Victoria Felicia Winston ("plaintiff" or "Winston") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits ("benefits") and supplemental security income ("SSI") [D.E. 5]. Each party has filed a motion for judgment on the pleadings [D.E. 43, 51]. As explained below, the court denies the Commissioner's motion for judgment on the pleadings, grants Winston's motion, and remands this case for further proceedings.

I.

Winston applied for benefits and SSI on September 15, 2006, alleging a disability onset date of July 28, 2006. Tr. 13. Her applications were denied initially and upon reconsideration, and she timely requested a hearing. See id. 13, 118–41. On May 21, 2009, an Administrative Law Judge ("ALJ") held a hearing regarding Winston's applications for benefits and SSI. Id. 13, 48-110.

On July 10, 2009, the ALJ denied Winston's applications. Id. 13–24. Winston timely requested review by the Appeals Council, id. 8–9, and submitted additional evidence and

briefing in support of the request. Id. 911–29, 245–51. On April 21, 2011, the Appeals Council admitted the evidence, but denied the request for review. Id. 1–5. Winston timely sought judicial review. See 42 U.S.C. § 405(g).

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The regulations under the Act ("Regulations") provide a five-step process that the ALJ must follow when determining whether a claimant is disabled. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Pass, 65 F.3d at 1203.

Applying the five-step process, the ALJ made the finding at step one that Winston had not engaged in substantial gainful activity since July 28, 2006, the alleged disability onset date. Tr. 15 ¶ 2. At step two, the ALJ found that Winston had the following medically determinable impairments that were severe within the meaning of the Regulations: mild degenerative changes and arthralgias, and mood disorder. Id. 15 ¶ 3; see 20 C.F.R. §§ 404.1520(c), 416.920(c). At

2
Case 4:11-cv-00107-D   Document 55   Filed 09/17/12   Page 2 of 8

step three, however, the ALJ found that Winston's impairment did not meet or medically equal any of the listings. Tr. 16 ¶ 4.

The ALJ next determined that Winston had the RFC to perform light work involving only simple instructions, and routine and repetitive tasks. Id. 16 ¶ 5.[1] The ALJ found her to have the ability "to attend and concentrate" for at least two hours, interact appropriately with peers and supervisors, and adapt to conditions in a work setting. Id. 16 ¶ 5.

Based on this RFC, the ALJ found at step four that Winston was not capable of performing most of her past relevant work. Id. 22 ¶ 6. The ALJ found at step five that, based on Winston's RFC, age, education, and previous work experience, there were a significant number of jobs in the national economy that she could perform. Id. 23 ¶ 10. Accordingly, the ALJ concluded that Winston was not disabled. Id. 24 ¶ 11. This determination was effective for benefits through March 31, 2009, Winston's last date insured, see id. 13, and for SSI through the date of the ALJ's decision, July 10, 2009.

II.

In reviewing the parties' cross-motions for judgment on the pleadings, the court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2); see 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

---

[1] For the definition of light work, see 20 C.F.R. §§ 404.1567(b), 416.967(b); U.S. Dep't of Labor, Dictionary of Occupational Titles, app. C, § IV (4th ed. rev. 1991), available at http://www.oalj.dol.gov/libdot.htm (last visited Sep. 17, 2012).

3

The court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. Before the court can determine whether a decision is supported by substantial evidence, it must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, the court must review the record as a whole, including the additional evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings. See Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc); Felts v. Astrue, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. May 19, 2012) (unpublished) (quotation omitted);. Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. See, e.g., Felts, 2012 WL 1836280, at *1–2.

Winston contends that the ALJ's decision should be reversed because the ALJ did not (1) find plaintiff's depression and obesity to be severe impairments and consider these impairments when assessing her RFC, (2) give the opinions of plaintiff's treating physicians controlling weight, and (3) consider a decision by the North Carolina Department of Health and Human Services finding plaintiff disabled for Medicaid purposes. See Mem. Supp. Pl.'s Mot. 1. She

4

also argues that the Appeals Council erred in not finding that her impairments met the criteria of Listing 12.05 for mental retardation. See id.

Social Security Ruling 02-1p requires that if the record shows a claimant to be obese, the Commissioner must consider the obesity at each step of the sequential analysis after the first step. See SSR 02-1p, 2002 WL 34686281, at *3 (Sept. 12, 2002); Roberts v. Astrue, No. 2:11-CV-2-FL, 2011 WL 6179272, at *3 (E.D.N.C. Nov. 17, 2011) (unpublished). In addition, the ruling specifies that an individual's Body Mass Index ("BMI") is an appropriate measure of obesity and that an individual is deemed obese when her BMI is 30.0 or greater. SSR 02-1p, 2002 WL 34686281 at *2 ¶ 1.[2] Obesity itself is an impairment, and obesity can also magnify the severity of coexisting impairments, including osteoarthritis and mental impairments such as depression. See id., at *1, *3 ¶ 2, *5 ¶ 7. The ALJ must assess the entire record to determine the extent to which obesity imposes functional limitations on a claimant, either alone or in combination with other impairments. Id., at *4 ¶ 6, *6 ¶ 7. The ALJ may generally rely on a diagnosis of obesity by a treating source or examining consultant but, absent a diagnosis, will make a determination based on the medical findings and other evidence of record. Id., at *3.

Multiple records state that Winston is obese, either expressly or by providing her height and weight from which her BMI can be calculated. See, e.g., Tr. 204, 254, 863, 870, 917. For example, an office visit note on February 12, 2009, lists her BMI as 36.8 based on a height of 5 feet 6 1/2 inches and a weight of 231 pounds. Id. 870. Some of these records and others expressly diagnose or otherwise refer to plaintiff as obese. Id. 328, 329, 388, 393, 424, 597, 764, 767, 769, 770, 773, 776, 779, 783, 788, 790, 795, 797, 804, 863, 870, 919. Other records refer to her as being overweight, id. 314, 563, 897, or "grossly overweight," id. 912. There are also

---

[2] BMI is the ratio of an individual's weight measured in kilograms to the square of his height measured in meters ($kg/m^2$). See SSR 02-1p, 2000 WL 628049, at *2.

notations that she was counseled to lose weight. Id. 393, 597, 769, 775. Given this extensive evidence that Winston was obese, the ALJ was obligated to consider her obesity and meaningfully discuss it in the decision. See, e.g., McHone v. Astrue, No. 1:10cv273, 2011 WL 6370371, at *5 (W.D.N.C. Dec. 20, 2011) (unpublished).

Here, the ALJ did not meaningfully discuss Winston's obesity in his decision. The ALJ refers to it only in his summary of the records of one of her treating physicians, Frances Williams, M.D. Tr. 21. In that summary, the ALJ simply listed obesity among five other impairments for which Dr. Williams had treated Winston and noted that "[s]he was advised on the need for weight loss." Id. The dearth of references to Winston's obesity is striking because of the otherwise very thorough and detailed summaries of medical evidence in the decision. See id. 17–21. Furthermore, the ALJ did not cite Social Security Ruling 02-1p or otherwise discuss that ruling. In addition, the RFC did not include any limitations responsive to Winston's obesity. Cf. SSR 02-1p, at *6.

The ALJ's failure to meaningfully discuss Winston's obesity conflicts with Social Security Ruling 02-1p and warrants remand. See Padgett v. Astrue, No. 7:11-CV-105-FL, 2012 WL 1884700, at *3 (E.D.N.C. May 2, 2012) (unpublished), M&R adopted, 2012 WL 1884696 (E.D.N.C. May 23, 2012) (unpublished); Gross v. Astrue, Civ. Act. No. JKB-09-1456, 2010 WL 1328462, at *5 (D. Md. Mar. 26, 2010) (unpublished); James v. Astrue, No. 7:09-CV-15-FL, 2009 WL 4827417, at *3 (E.D.N.C. Dec. 11, 2009) (unpublished).

In remanding this case, the court acknowledges exceptions to the requirement that an ALJ discuss a claimant's purported obesity. For example, an ALJ's seeming nonconsideration of obesity does not require remand when the record does not show that the obesity impaired the claimant's ability to work. See, e.g., Callicoatt v. Astrue, 296 F. App'x 700, 702–03 (10th Cir.

6

2008) (unpublished); Rutherford v. Barnhart, 399 F.3d 546, 552–53 (3d Cir. 2005); Cranfield v. Comm'r of Soc. Sec., 79 F. App'x 852, 857 (6th Cir. 2003). Here, the court cannot say whether plaintiff's obesity, either alone or in combination with other impairments, imposes functional limitations on her. Notably, the severe impairments the ALJ found plaintiff to have—degenerative changes and mood disorder—are of the type that can be aggravated by obesity. See SSR 02-1p, at *3. Moreover, the ALJ should assess plaintiff's argument that her obesity, in combination with her other impairments, deprives her of the RFC to perform work on a regular and continuous basis and thereby renders her disabled. See SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

An ALJ's failure to specifically consider a claimant's purported obesity also may be unnecessary when the ALJ "rel[ies] upon medical records which adequately show a claimant's obesity and adopt[s] the conclusions of doctors who are aware of the claimant's obesity." Shrewsbury v. Astrue, No. 7:11CV229, 2012 WL 2789719, at *5 (W.D. Va. July 9, 2012) (unpublished); see Rutherford, 399 F.3d at 553; Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004) (per curiam). Here, the record does not show that the ALJ relied on particular medical records containing information about plaintiff's apparent obesity.

An ALJ's erroneous failure to find an impairment, such as obesity, severe at step two of the sequential analysis is harmless error if other impairments are found to be severe and the omitted impairment is considered at subsequent steps. See Taylor v. Astrue, No. 7:11-CV-162-FL, 2012 WL 3637254, at *4 (E.D.N.C. Aug. 1, 2012) (unpublished), M&R adopted, 2012 WL 3636923 (E.D.N.C. Aug. 22, 2012) (unpublished); Martinez v. Astrue, No. 1:11-850-CMC-SVH, 2012 WL 3580675, at *10 (D.S.C. July 30, 2012) (unpublished), M&R adopted, 2012 WL 3582799 (D.S.C. Aug. 17, 2012) (unpublished); Murray v. Astrue, No. 1:12cv08, 2012 WL

7

3730675, at *20 (N.D.W. Va. July 27, 2012) (unpublished), M&R adopted, 2012 WL 3727128 (N.D.W. Va. Aug. 28, 2012) (unpublished); Tarpley v. Astrue, No. 5:08-CV-271-FL, 2009 WL 1649774, at *2 (E.D.N.C. June 1, 2009). Here, this principle does not apply because the record does not show that the ALJ considered Winston's purported obesity at any step of the sequential analysis.

The Commissioner seeks to minimize the evidence of Winston's obesity and thereby the obligation to discuss it by contending that Winston had "lost weight by the time of the hearing and her [obesity] condition was improving." Mem. Supp. Def.'s Mot. 13–14. This contention, however, rests on evidence from a prior hearing, not the hearing on the relevant applications.

In sum, the ALJ failed to consider and discuss plaintiff's apparent obesity as required by Social Security Ruling 02-1p. Accordingly, the case is remanded for further proceedings. In light of this disposition, the court need not and does not address Winston's other arguments.

III.

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [D.E. 43] is GRANTED, the Commissioner's motion for judgment on the pleadings [D.E. 51] is DENIED, and this case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED. This 17 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge